HANSON BRIDGETT LLP
MERTON A. HOWARD, SBN 161125
mhoward@hansonbridgett.com
SHANNON M. NESSIER, SBN 267644
snessier@hansonbridgett.com
KAYLEN KADOTANI, SBN 294114
kkadotani@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
CNH Industrial America LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CNH INDUSTRIAL AMERICA LLC,<br><br>Defendant. | No. 2:17-cv-02021-TLN-DB<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the Federal Rules of Civil Procedure, Rules 26 and 83, codified at Local Rules 141.1(b) and 143, and for good cause shown, Plaintiff Nationwide Mutual Insurance Company ("Nationwide") and Defendant CNH Industrial America LLC ("CNH") (collectively, the "Parties") hereby stipulate to the entry of the following protective order. This order is to preserve and maintain the confidentiality of certain limited confidential and proprietary information that may be disclosed or obtained during the course of discovery, specifically including certain trade secret, design, development, and operational information or data related to the 2012 Case IH Magnum 315 tractor bearing serial Number ZCRD03500 (the "Subject Tractor"), that is not known to the general public and the disclosure of which would be harmful to the business of CNH

and confidential or proprietary company information about CNH. The Parties agree that good cause exists for this Stipulated Protective Order to preserve the legitimate proprietary interests in information that has not been released to the public and which the Parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Stipulated Protective Order.

1. Documents to be produced by CNH in this litigation which contain confidential information as defined by the terms of this Stipulated Protective Order shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "CONFIDENTIAL," or other similar language in accordance with the provisions of this Order, shall only be used, shown or disclosed as provided in this Order. "Protected" or "Protected Documents" means any information or documents (regardless whether in electronic or hard copy format) that shall be deemed proprietary business information including but not limited to trade secret, design, development, and operational information or data related to the Subject Tractor that is not known to the general public.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential information is on the Party producing the document. Prior to designating any material as "Protected," the producing Party must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage the Party's competitive position. If a Party disagrees with the "Protected" designation of any document, the Party will so notify the producing Party in writing. If the Parties

are unable to agree, within 30 days of receiving such notice, the producing Party will then apply to this Court to set a hearing to establish that said document is protected. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in a location that does not cover or mark over any textual material if possible.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving Party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the qualifications set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the Parties, and the Parties;

    b. Employees of Counsel of Record involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case; and

    d. The Court, the Court's staff, and witnesses.

7. Counsel of Record must make reasonable efforts to insure the individuals described in paragraphs 6(b) and 6(c) above are "Qualified Persons."

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraph 6(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraph 6(c) above to

-3-

whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for CNH within thirty (30) days of the termination of this litigation.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiff's Counsel, Defendants' Counsel, and all persons described in paragraph 6 above may not post Protected Documents on any website or internet accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, or to the extent that deposition testimony is otherwise marked "Protected," such documents, information and/or testimony shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents, information and/or testimony.

11. Protected Documents may be filed with the Court. The Parties understand that the designation of material as "Protected" or "Subject to a Protective Order" does not carte blanche permit that material to be sealed from the public. Should any Party have good cause to seal from public view any Protected Documents that are or may be filed with the Court, that Party must file a separate and specific motion for protection, and the motion will only be granted for good cause shown and if it is consistent with the current applicable law regarding filing materials under seal. In order to accomplish this, the Parties agree to provide each other with sufficient notice of their intent to file Protected Documents with the Court so that the Party desiring to assert good cause can file the necessary motion for protection. Any member of the public can challenge any attempt to seal Protected Documents with the Court. Should any interested person disagree with the asserted confidentiality of any material, he or she may attempt to resolve the dispute with the Party asserting confidentiality, or he or she may proceed directly to the Court for a determination of confidentiality.

14438483.1

12. If:

    a. a Party feels it must file Protected Documents with the Court before giving advance notice to the Party asserting confidentiality; or,

    b. the Court has yet to rule on a pending motion for protection filed pursuant to paragraph 11, above; or,

    c. the Court has ruled on a motion for protection filed pursuant to paragraph 11 and the Court has upheld the confidential status of the material;

then any Protected Documents or information taken from Protected Documents shall be filed in accordance with Fed. R. Civ. P. 5.2 and shall be marked for clarification, "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Documents designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record. A Party shall designate all other Protected Documents disclosed during any deposition in this matter as "Subject to Protective Order" by notifying all Parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which contain Protected Documents. Each Party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

14. Inadvertent or unintentional production of documents or information containing information which should have been designated as "Protected" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.

-5-

14438483.1

15. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or by court order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Protected Documents and Confidential information.

19. This Stipulated Protective Order shall govern the disclosure and use of Protected Documents produced in connection with this litigation during the pretrial phase only. If any Party seeks a protective order to preserve the confidentiality of certain information at trial, a Party must make timely application pursuant to the applicable case management plan, the federal rules, and the local rules of this Court.

20. Any Party or any interested member of the public may challenge the confidential status of any document pursuant to this Order by motion to the Court.

14438483.1

Respectfully submitted this 6th of June 2018.

DATED: June 5, 2018  HANSON BRIDGETT LLP

By: */s/ Shannon M. Nessier*
MERTON A. HOWARD
SHANNON M. NESSIER
KAYLEN KADOTANI
Attorneys for CNH Industial America LLC

DATED: June 5, 2018  YOST & BAILL, LLP

By: */s/ David J. Taylor*
David J. Taylor (Pro Hac Vice)
Michelle D. Hurley (Pro Hac Vice)
Attorneys for Plaintiff Nationwide
Mutual Insurance Company

DATED: May 31, 2018  GROTEFELD HOFFMAN

By: */s/ Jordan Everakes*
Maura Walsh Ochoa
Jordan Everakes
Attorneys for Plaintiff Nationwide
Mutual Insurance Company

14438483.1

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

14438483.1

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: June 7, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\nationwide2021.stip.prot.ord